IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| IRMA MAY WRAY, | : | |
| a/k/a IRMA M. WRAY, | : | CASE NO.: 5:23-bk-00812-MJC |
| a/k/a IRMA WRAY, | : | |
| Debtor | : | |

## ORDER GRANTING SECOND
## MOTION TO SELL REAL PROPERTY OF THE ESTATE

Upon consideration of Debtor's Motion to Sell Real Property of the Estate: 212 Round Hill Road, Stroudsburg, PA 18360, Dkt. # 58 ("Motion"), and the Limited Response of Nationstar Mortgage LLC, Dkt. # 60, and its subsequent concurrence to the Motion, Dkt. #62-1, it is hereby

**ORDERED** that said Motion is **GRANTED**, and further that Debtor be and is hereby **AUTHORIZED** to execute any all documents necessary to complete the sale of 212 Round Hill Road, Stroudsburg, PA 18360, for the sum of FOUR HUNDRED FIFTEEN THOUSAND AND 00/100 (**$415,000.00**) DOLLARS, to Christopher J. Pappas.

**IT IS FURTHER ORDERED** that distribution of the proceeds from the sale of the real estate at settlement, be made as follows:

a. Any out-of-pocket expenses advanced by or on behalf of Debtor and/or her realtors or closing agents in connection with the sale of the aforementioned property, and which have not been reimbursed at the time of settlement; then to

b. Any notarization, document preparation, mail or wire fees, and/or incidental recording fees associated with the sale of the above property; then to

c. Any transfer tax which is the responsibility of the Debtor; then to

d. Realtors' commissions in accordance with the applicable agreement of sale and law; then to

e. Attorneys' Fees of $1,000.00 to Newman Williams, P.C. for preparing, filing and serving the instant motion and resolving objections, if any; then to,

f. Any real estate taxes, tax liens and municipal liens; then to

g. The sale is subject to Nationstar Mortgage LLC's ("Secured Creditor") lien and that Secured Creditor's lien will be paid in full at the closing of said sale based upon an up to date payoff quote; then

h. The judgment lien held by Guaranty Solutions Recovery Fund 1, LLC, as assignee of BMO Harris Bank, N.A.; then to

i. Debtor on account of her exempt interest in the Property ($1.00); then to

j. Standing Chapter 13 Trustee Jack N. Zaharopoulos, Esq., for distribution pursuant to Debtor's confirmed Chapter 13 Plan; then

k. The remaining proceeds, if any, to Debtor.

The sale shall be completed within 90 days of entry of this Order.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: March 29, 2024